(158 App. Div. 546.)

RAYMOND CONCRETE PILE CO. v. JOHN THATCHER & SON.

(Supreme Court, Appellate Division, Second Department.   October 24, 1913.)

CONTRACTS (§ 198*)—CONSTRUCTION.

    Plaintiff agreed to drive a specified number of 20-foot piles for defendant by a contract which provided that the pile core should in each case be driven until "not more than 10 blows" of a certain power hammer were required to secure one inch penetration; and, should obstructions be encountered which prevented further penetration, the driving should cease and the pile be considered a completed pile, unless such obstructions were removed to permit further driving. The contract further provided that the length of the pile to be paid for should be the length of shell actually driven into the ground, unless the shell was filled to a point above the surface of the ground, in which case the length to be paid for should be the length from the lower point of the shell to the top of the concrete in the shell. The contract also contemplated that there might be required additional piles, additional lengths of piling, and some shorter piles, if found sufficient, and provided for payment at so much a foot for additional piling and deductions for shorter lengths. Defendant claimed that, though a pile was driven beneath the surface, other piles should be placed thereon so as to continue to drive it until 10 blows of the hammer would not cause one inch of penetration. Plaintiff claimed that, when a pile was driven its full length in the ground without meeting the required resistance, it should be paid for; it being for the defendant to say whether another pile should be driven, and where. Held that, in the absence of evidence as to the understanding of the parties and the practice in the business, defendant's contention as to the construction of the contract would not be adopted.

    [Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 861–877, 879–883; Dec. Dig. § 198.*]

Appeal from Trial Term, Kings County.

Action by the Raymond Concrete Pile Company against John Thatcher & Son. From a judgment for plaintiff and an order denying a motion for a new trial, it appeals. Reversed, and new trial granted.

Argued before JENKS, P. J., and BURR, THOMAS, STAPLETON, and PUTNAM, JJ.

Martin Conboy, of New York City, for appellant.
Hugo Hirsh, of Brooklyn, for respondent.

THOMAS, J. The defendant, undertaking to build a vault in a cemetery, contracted with the plaintiff to drive piles for the foundation. The contract indicates that it was estimated that 181 piles, each 20 feet in length, would be required, for which a gross payment of $5,460 was stipulated. But it was also considered that there might be required, (1) some additional piles; (2) additional lengths of piling; (3) shorter piles, should they be "found sufficient;" and it was stipulated that additional piles or additional lengths of piling should be paid for at $1.30 per lineal foot, and that for piles shorter than 20 feet deduction from that length should be made at the rate of 60 cents per lineal foot. But how would it be determined whether the 181 piles. each of 20 feet length, or longer or shorter piling, would be required?

Assume that the several lengths were on the ground; how would the plaintiff know what lengths to drive? Was it contemplated that the plaintiff should first try a pile 20 feet in length and, if the required resistance was not obtained when its upper end had been driven, that the plaintiff should keep driving such pile still below the surface? It seems to one unskilled in that trade that in such case it would be necessary to place another pile on the upper end of the one inserted, and drive the two thus connected until the required resistance was reached. Alternatively a longer pile or, as the contract says, "additional lengths of piling," could be used, if earlier driving or discretion showed the necessity for it. But if it was understood that upon a 20-foot pile below the surface of the ground another should be driven, the one pursuing the other, why was provision made for different lengths? The operation was this: A cone-shaped core, pointed at one end, was driven by blows from a steam hammer delivered at its upper end. This core carried with it a sheet metal encircling shell. When the driving had been completed, the collapsible core was withdrawn, and the concrete poured into the shell, and a concrete pile thus formed. Now it happened that of the piles driven a number, in length 30, 35, or 40 feet, were driven somewhat below the surface. But the defendant says that they were not driven far enough to obtain the required resistance, and it predicates that contention upon the ground that at the end of the driving less than ten blows of the hammer were required to secure one inch of penetration. And it refers for support to the contract, which provides:

"The pile core shall in each case be driven until not more than ten blows of a No. 2 vulcan steam hammer are required to secure 1 inch penetration. Should boulders or other obstructions be encountered which prevent securing further penetration, driving shall cease and the pile be considered a completed pile, unless such obstructions are removed by you to permit of further driving. Length of pile to be paid for shall be the length of shell actually driven in the ground, unless the shell is filled to a point above the surface of the ground, in which case the length of pile to be paid for shall be the length from the point of the shell to the top of the concrete in said shell."

The defendant's argument is that less than ten blows of the hammer in fact were required to secure one inch penetration, and that, although the pile has been driven beneath the surface, pile should have been driven on pile until ten blows or less did not secure one inch penetration. According to that view, the pile wholly driven ceases to be the limit, but indefinite piles must be superimposed one upon another until the hammer in ten blows has exhausted its power to drive the vertical series another inch. The plaintiff insists that the pile, whatever its length, is the unit, and that, when it has been driven and the necessary resistance not met, another of greater length in the defendant's discretion may be driven, but not upon top of it, and that, if the pile is wholly inserted, it becomes a completed pile if, before its full length has been driven, ten blows of the hammer will not drive it another inch, or "boulders or other obstructions be encountered which prevent securing further penetration." But the defendant urges that, although the pile be fully in the ground, it shall be driven down as long as the ten blows of the hammer can make it penetrate a further

inch. The record furnishes no extrinsic aid to interpretation. The plaintiff would have shown "what steps were taken * * * to comply with the agreement"; but the question, maybe because its relevancy did not appear, was excluded as immaterial. If the object was to show how the work was carried on, the evidence might have aided an understanding of the contract. For instance, it might have shown whether with appliances usual in the trade one pile could be superadded to another to secure penetration, or whether, when a pile was fully driven and finally ten blows of the hammer were not required to secure one inch penetration, the practice was to drive in proximity to it longer piles. The letter from the defendant seems to favor the latter view, for it says:

"It was understood that you drive on Thursday with your 40 ft. core, it being assumed from the borings that the required resistance can be secured with this core, if not, why then other steps will have to be taken."

It is inferable from the letter that the length of the pile required was determinable from knowledge already at hand and not from inserting a pile, and, if it did not meet requisite resistance, piecing it out with other piles, end on end, until sufficient lengths were in the one line. In the absence of knowledge of practical operation advising otherwise, I think that such process of extension is not the intention of the contract.

Therefore the judgment and order should be reversed, and a new trial granted; costs to abide the event. All concur.